Vincent L. Caggiano, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Kawecki Berylco Industries, Inc., Respondents.

Argued March 5, 1979, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Bart E. Ecker,* with him *Laputka, Bayless, Ecker & Cohn,* for appellant.

*Joseph P. Olexy,* for respondent.

OPINION BY JUDGE BLATT, May 10, 1979:

The appellant, Vincent L. Caggiano, appeals here from an order of the Workmen's Compensation Appeal Board (Board) which directed him to submit to a medical examination pursuant to his employer's filing of a petition to terminate the total disability benefits which he had been receiving.

The appellant had been granted workmen's compensation benefits in 1975 on the basis that he was totally disabled as a result of beryllium poisoning which he had incurred while employed with Kawecki Berylco Industries, Inc. (employer). In 1977, the employer filed a petition to terminate, alleging that the appellant had refused to submit to a medical examination which it had requested, and the referee subsequently entered an order directing the appellant to submit to this examination. This adjudication was affirmed on appeal by the Board and this appeal then followed.

The referee based his decision on Section 314 of The Pennsylvania Workmen's Compensation Act[1] which provides in pertinent part as follows:

At any time after an injury the employe, if so requested by his employer, must submit himself for examination, at some reasonable time and place, to a physician or physicians legally authorized to practice under the laws of such place, who shall be selected and paid by the employer. If the employe shall refuse upon the request of the employer, to submit to the examination by the physician or physicians selected by the employer, the board may, upon petition of the employer, order the employe to

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §651.

submit to an examination at a time and place set by it, and by the physician or physicians selected and paid by the employer. . . . *The board may at any time after such first examination, upon petition of the employer, order the employe to submit himself to such further examinations as it shall deem reasonable and necessary,* at such times and places and by such physicians as it may designate; and in such case, the employer shall pay the fees and expenses of the examining physician or physicians, and the reasonable traveling expenses and loss of wages incurred by the employe in order to submit himself to such examination. *The refusal* or neglect, *without reasonable cause or excuse,* of the employe to submit to such examination ordered by the board, *either before or after an agreement or award, shall deprive him of the right to compensation,* under this article, during the continuance of such refusal or neglect, and the period of such neglect or refusal shall be deducted from the period during which compensation would otherwise be payable. (Emphasis added.)

77 P.S. §651.

The case law is clear that under this section, "an order requiring further physical examination is a matter for the sound discretion of the compensation authorities, and nothing less than a manifest abuse of that discretion will justify the interference of the court." *Bostic v. Dreher,* 206 Pa. Superior Ct. 257, 261, 213 A.2d 118, 120 (1965).

The appellant argues here that where a prior unappealed adjudication has been made as to a permanent and disabling occupational disease, the theory of res judicata is applicable and a subsequent petition for termination and request for medical examination

must be dismissed. We do not believe, however, that the employer is precluded from all further medical examination of the appellant, and we note the clear language in Section 314 of the Act as quoted above which specifically provides for an examination after an award of benefits. Furthermore, although the theory of res judicata is applicable to workmen's compensation cases, *Robachinski v. Workmen's Compensation Appeal Board*, 33 Pa. Commonwealth Ct. 89, 380 A.2d 952 (1977), its applicability is limited to the finding of the state of disability at a given time. *See* 1 A. Barbieri, Pennsylvania Workmen's Compensation §6.19(6)(b) (1975). Additionally, we note that Section 413(a) of the Act specifically provides for review of adjudications on the basis that the disability may have increased, decreased, recurred, or temporarily or finally ceased. 77 P.S. §772.

The appellant has not alleged or established that he had reasonable cause to refuse to submit himself to a medical examination, and therefore the Board's order directing him to do so must be affirmed.

ORDER

AND Now, this 10th day of May, 1979, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.