J. S. Stern Company and Rockwood Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Beatrice Pitt, Respondents.

Argued September 14, 1981, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Joseph S. Bekelja, Frank, Margolis, Edelstein and Scherlis,* for petitioners.

*Larry Pitt,* for respondent, Beatrice Pitt.

OPINION BY JUDGE WILLIAMS, JR., December 1, 1981:

This is an appeal by J. S. Stern Company (Petitioner) from an Order of the Workmen's Compensation Appeal Board (Board), denying its request for a physical examination of claimant pursuant to Section 314 of The Pennsylvania Workmen's Compensation Act (Act).[1]

On February 2, 1979, claimant, Beatrice Pitt, suffered a work-related injury to her lower back while in the course of her employment for J. S. Stern Company. The injury occurred as a result of claimant's attempt to support a co-worker who was fainting.

A Claim Petition was filed in this matter and the case was assigned to a referee. A referee's hearing was held at which claimant presented medical evidence from her treating physician, Dr. Raymond Stein. Dr. Stein diagnosed claimant as suffering from discogenic damage to the lumbosacral spine. While the employer offered no medical testimony at the hearing, it did arrange for a physical examination of the claimant by Dr. Martin Beller. Claimant underwent such an examination on October 9, 1979, after which Dr. Beller submitted a report concluding that claimant was temporarily totally disabled. Dr. Beller suggested that an electromyographic test, a nerve conduction test, and a chronaxie study be performed on claimant's legs and lower back in order to form a guide to therapy for

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §651.

claimant and to evaluate her prognosis in relation to her return to work. On October 31, 1979, a Notice of Compensation Payable was entered. On May 21, 1980, Petitioner filed a petition requesting that claimant submit to the testing recommended by Dr. Beller. Claimant filed an answer to the petition stating her refusal to undergo such tests and alleging her apprehension and anxieties over the prospects of those tests.

Following a hearing before the Board, a decision was entered denying Petitioner's request. The Board rationalized that because Petitioner had recently obtained a medical examination of claimant and a Notice of Compensation Payable had already been entered, it was unreasonable to subject the claimant to a further physical examination at that time. Petitioner appeals from the Board's denial.

The instant controversy is governed by Section 314 of the Act. That Section provides in pertinent part:

> At any time after an injury the employe, if so requested by his employer, must submit himself for examination, at some reasonable time and place, to a physician or physicians legally authorized to practice under the laws of such place, who shall be selected and paid by the employer . . . The [B]oard *may* at any time after such first examination, upon petition of the employer, order the employe to submit himself to such further examinations as it shall deem *reasonable* and necessary. . . . (Emphasis added.)

The case law interpreting the above quoted statute has unequivocally stated that "an order requiring further physical examination is a matter for the sound discretion of the compensation authorities, and nothing less than a manifest abuse of that discretion will justify the interference of the court." *Bostic v. Dreher*, 206 Pa. Superior Ct. 257, 261, 213 A.2d 118, 120 (1965). *Accord, Caggiano v. Workmen's Compen-*

*sation Appeal Board,* 42 Pa. Commonwealth Ct. 524, 400 A.2d 1382 (1979).

Petitioner argues that the Board improperly refused to order the claimant to undergo a second physical examination. Thus, the single issue with which we are confronted is whether the Board abused its discretion in denying Petitioner's request for a physical examination of the claimant. We think not.

The Board, in reaching its decision, considered Petitioner's request as well as claimant's refusal to comply therewith. In addition, the Board reviewed the medical reports submitted by Petitioner. Based upon its review of the aforementioned documents, the Board decided that it was not reasonable to subject claimant to a further physical examination at that time.

The evidence in this case reveals that claimant is a 62 year old woman who had already undergone physical examinations by her own doctor as well as by Petitioner's doctor. The diagnoses of both physicians were virtually identical.

Claimant had already begun therapy treatments prescribed by her own physician prior to the filing of Petitioner's request. To subject claimant to further physical examinations in addition to a battery of tests simply to provide a possible alternate guide to therapy can be deemed unnecessary and unreasonable.

We hold that the Board's decision denying Petitioner's request to order claimant to submit to another medical examination was not a manifest abuse of discretion so as to justify this Court's interference.

Thus, we must affirm the Board's determination.

ORDER

AND Now, the 1st day of December, 1981, the Order of the Workmen's Compensation Appeal Board denying Petitioner's Petition for Physical Examination is affirmed.