## FAIRMOUNT FOUNDRY, Petitioner,

### v.

## WORKERS' COMPENSATION APPEAL BOARD (BAYLOR), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 8, 1997.
Decided Sept. 18, 1997.
Reargument Denied Dec. 1, 1997.

J. Shane Creamer, Jr., Philadelphia, for petitioner.

Lester Krasno, Pottsville, for respondent.

Before DOYLE and McGINLEY, JJ., and LORD, Senior Judge.

McGINLEY, Judge.

Fairmount Foundry (Employer) appeals from an order of the Workers' Compensation

---

Appeal Board (Board) which affirmed the decision of the referee [1] denying Employer's petition for an independent medical examination of Howard Baylor (Claimant).

■ The issue presented for our review is whether the request by Employer for an independent medical examination of Claimant was properly denied by the referee. We affirm.

On November 20, 1991, the referee determined that Claimant was totally and permanently disabled, as of August of 1987, due to an occupational lung disease (silicosis) which was causally related to his employment with Employer. The decision was affirmed by the Board and no further appeal was taken.

■ On April 4, 1994, Employer requested a physical examination of Claimant, which Claimant refused. Employer petitioned to compel Claimant to undergo the examination. The referee dismissed the petition finding that "[C]laimant had been found totally disabled as a result of silicosis by Judge's decision dated November 20, 1991, and affirmed by the Workmen's Compensation Appeal Board order dated September 15, 1994 ... and that Employer was not entitled to an examination".[2] Referee's Decision, September 28, 1994, Findings of Fact (F.F.) No. 3, 4 at 2; Reproduced Record (R.R.) at 26a.

The Board affirmed the referee's decision of September 28, 1994, stating:

Based upon our review of the record, we cannot say that the Judge abused his discretion in refusing to order Claimant to undergo a physical examination without an offer of proof by Defendant as to its reasonableness under the circumstances. While we do not agree with the Judge that the holding in Hebden[3] automatically pre-

cludes an exam, we do believe under the facts of this case that the Hebden rationale does demonstrate the unreasonable nature of Defendant's request.

As in Hebden, the Claimant in this case has been adjudicated to have a disabling work-related occupational disease. The Defendant did not plead that it had evidence of the reversibility of Claimant's condition. In fact, Defendant's Dr. Rodman, its expert in the claim petition litigation, was found by the WCJ (sic) to have admitted that individuals with silicosis 1/1 (like Claimant) are more likely to suffer a progression of the underlying pulmonary condition ... Yet the only allegation made by Defendant in support of its 314[4] petition was the passage of time.

The Board Opinion, March 10, 1997, at 3–4; R.R. at 30a–31a.

Employer acknowledged that it would not be permitted to examine Claimant if it were attempting to terminate benefits but contends that it is entitled to an examination pursuant to Section 314 of the Act, 77 P.S. § 651 to establish that Claimant may be able to work in a limited duty capacity. Employer offers several cases to support this assertion but none involve a claimant with an occupational disease.

Claimant contends that Employer is estopped from relitigating his physical status without first establishing that the occupational disease is reversible. We agree. As our Supreme Court noted in Hebden, the logical question is whether an employee's disability is changeable. If it is not, then any attempt to re-examine is merely a disguised attempt to relitigate what has already been settled. *Behory v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 166 Pa.

1. Referees are now called Workers' Compensation Judges under the new amendments to Section 401 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736 *as amended,* 77 P.S. § 701. *See* Section 14, Act 44, Act of July 2, 1993, P.L. 190. Because this action was commenced prior to the effective date of the amendments, this Court will refer to Brian G. Eader as a referee and not as a Workers' Compensation Judge.

2. Our review is limited to a determination of whether constitutional rights have been violated,

whether an error of law has been committed and whether all necessary findings of fact are supported by substantial evidence. *Boehm v. Workmen's Compensation Appeal Board (United Parcel Services)*, 133 Pa.Cmwlth. 455, 576 A.2d 1163 (1990).

3. *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 534 Pa. 327, 632 A.2d 1302 (1993).

4. Section 314 of the Act.

Cmwlth. 66, 646 A.2d 31 (1994). Because Employer has not offered any proof to establish that silicosis is reversible, we affirm the order of the Board.

## *ORDER*

AND NOW, to wit, this 18th day of September, 1997, the order of the Workers' Compensation Appeal Board at No. A94–3248, and dated March 10, 1997, is affirmed.

DOYLE, J., dissents.

LEADBETTER, J., did not participate in the decision in this case.