### SCHOOL DISTRICT OF PHILADELPHIA, Petitioner,

### v.

### WORKERS' COMPENSATION APPEAL BOARD (LANDON), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 5, 1997.

Decided Feb. 4, 1998.

Brian J. Durkin, Philadelphia, for petitioner.

Michael W. McGurrin, Philadelphia, for respondent.

Before DOYLE and McGINLEY, JJ., and LORD, Senior Judge.

McGINLEY, Judge.

The School District of Philadelphia (School District) appeals from an order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of the Workers' Compensation Judge (WCJ)[1] granting the School District's examination petition and ordering Deborah Landon (Claimant) to undergo an independent medical examination in San Francisco, California (San Francisco).

On April 21, 1987, Claimant was injured in the course of her employment as a welding instructor for the School District when she jumped from a loading platform. A notice of compensation payable was issued on June 9, 1987. Claimant relocated to San Francisco in November of 1988. Claimant was last examined by a physician chosen by the School District in January of 1990. On or about November 24, 1993, the School District petitioned to have Claimant orthopedically and psychiatrically examined in Pennsylvania under Section 314 of the Act, alleging that Claimant failed to appear for an examination in Philadelphia on November 5, 1992.

In a decision dated April 21, 1995, the WCJ granted the School District's physical examination petition. However, the WCJ denied the School District's request to have Claimant examined in the Philadelphia area. The WCJ limited the School District's examination to the San Francisco area. The School District timely appealed to the Board. In an opinion and order issued April 21, 1997, the Board affirmed. On May 21, 1997, the School District petitioned for review with this Court. The School District asserts that the WCJ abused his discretion by rejecting employer's request to have the Claimant examined in Pennsylvania. Claimant asserted that she should not be compelled to travel to Pennsylvania because of her college commitments in San Francisco.

 Our scope of review is limited to a determination of whether there was an error of law committed, whether necessary findings of fact are supported by substantial evidence, or whether constitutional rights were violated. *Vinglinsky v. Workmen's Compensation Appeal Board (Penn Installation),* 139 Pa.Cmwlth. 15, 589 A.2d 291 (1991). An employer can request a physical examination as long as the employer can show that the request is reasonable and necessary. *Stephens v. Workmen's Compensation Appeal Board (St. Ignatius Nursing Home),* 168 Pa.Cmwlth. 570, 651 A.2d 200 (1994); *petition for allowance of appeal denied,* 540 Pa. 625, 657 A.2d 494 (1995). The WCJ, as the ultimate fact finder, has the discretion to determine the reasonableness of a claimant's excuse for not submitting to a medical examination. *Caggiano v. Workmen's Compensation Appeal Board (Kawecki Berylco Industries, Inc.),* 42 Pa.Cmwlth. 524, 400 A.2d 1382 (1979). Further, the propriety of ordering a physical examination is within the sound discretion of the compensation authority. *Maranc v. Workmen's Compensation Appeal Board (Bienenfeld),* 156 Pa.Cmwlth. 572, 628 A.2d 522 (1993), *appeal denied,* 537 Pa. 636, 642 A.2d 489(1994).

Section 314(a) of the Act states, in part, as follows:

> At any time after an injury the employe, if so requested by his employer, must submit himself for an examination, at some reasonable time and place, to a physician or physicians legally authorized to practice under the laws of such place, who shall be selected and paid by the employer. If the employe shall refuse upon the request of the employer, to submit to the examination by the physician or physicians selected by the employer, a referee assigned by the department may, upon petition of the employer, order the employe to submit to an examination at a time and place set by the referee, and by the physician or physicians selected and paid by the employer, or by a physician or physicians designated by the referee and paid by the employer.

The WCJ found that the School District failed to prove that the reasonable place for a

---

1. Referees are now called Workers' Compensation Judges under the amendments effective August 31, 1993, to the Workers' Compensation Act

(Act), Act of June 2, 1915, P.L. 736 *as amended,* 77 P.S. § 701. *See* Act 44, Act of July 2, 1993, P.L. 190.

medical examination was in Philadelphia when Claimant currently resides in San Francisco. It is within the WCJ's discretion to determine a reasonable time and place. Here, the Board found no abuse of discretion.

 Nothing less than manifest abuse of discretion by the compensation authorities will justify interference by this Court in that exercise of judgment. *Caggiano,* 400 A.2d at 1383. The WCJ's decision was well-reasoned; Claimant relocated to San Francisco in 1988; Employer had Claimant examined by physicians in San Francisco in 1989 and 1990; Claimant was enrolled in a college that dismissed students from courses for more than two absences; and Claimant was amenable to medical examinations in the San Francisco area. Findings of Fact 9, 10, 14, 15; R.R. at 35a, 36a.

The School District failed to establish by any substantial evidence credited by the WCJ that the Claimant periodically returns to the Philadelphia area, that an examination could be scheduled to accommodate her during such a return, that they offered to pay her expenses, that the claimant was actually notified of the prior scheduled examinations, and if so, whether she had an adequate excuse for not attending. Essentially, the School District failed to convince the Board that the WCJ committed an abuse of discretion.

 The Claimant requests attorney fees and costs. This Court has consistently held that issues of initial impression, which are suitable for judicial determination, are per se not frivolous. *Budd Co. v. Workmen's Compensation Appeal Board (Bradley),* 144 Pa. Cmwlth. 533, 601 A.2d 1322 (1992). The School District's petition for review raised an issue of first impression, whether the WCJ abused his discretion by precluding an employer from having a claimant examined by a physician of its choosing in the Commonwealth of Pennsylvania. We were unable to find, and Claimant has not cited, any cases on point, so we will deny Claimant's request for attorney fees and costs.

Accordingly, we affirm the decision of the Board and deny Claimant's request for attorney fees and costs.

### ORDER

AND NOW, this 4th day of February, 1998, the order of the Workers' Compensation Appeal Board dated April 21, 1997, is affirmed and Claimant's request for attorney fees and costs is denied.