**William PANCOAST, Petitioner,**

v.

**WORKERS' COMPENSATION AP-
PEAL BOARD (CITY OF PHIL-
ADELPHIA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 23, 1999.

Decided July 6, 1999.

Richard R. Di Stefano, Philadelphia, for petitioner.

Jeffrey L. Zeitz, Philadelphia, for respondent.

Before COLINS, President Judge, FLAHERTY, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue presented is whether the Workers' Compensation Judge (WCJ) abused his discretion in ordering William Pancoast (Claimant) to submit to an independent medical examination at the request of the City of Philadelphia (Employer). Because he did not, the order of the Workers' Compensation Appeal Board (Board), which affirmed the order of the WCJ, is affirmed.

The relevant facts are as follows. On May 9, 1986, in a prior proceeding, a WCJ granted total disability benefits to Claimant on the grounds that "Claimant became totally disabled by reason of a lung disease, chronic obstructive pulmonary disease, with pulmonary insufficiency, which is causally related to his exposure while employed as a fire fighter." Claimant continues to receive benefits under the Workers' Compensation Act (Act).[1]

On November 18, 1996, Employer filed a petition with the WCJ to compel a physical examination of Claimant, which is the subject of this appeal. Employer stated in the petition that it requested Claimant to submit to a physical examination on No-

vember 6, 1996, but that Claimant failed to attend. The petition also stated that Claimant had not undergone an independent medical examination since benefits were awarded in 1986. By order dated March 24, 1997, the WCJ ordered Claimant to submit to an examination, pursuant to Section 314(a) of the Act, 77 P.S. § 651(a), which provides that a WCJ may compel a disabled employee to submit to a physical examination at the request of the employer. Claimant appealed to the Board, which affirmed by opinion and order dated November 19, 1998.

On appeal to this Court,[2] Claimant argues that the WCJ erred in compelling him to attend an independent medical examination where Employer has not first established that his disease is reversible. We disagree. The WCJ has broad discretion in determining whether a claimant must submit to an independent medical examination. If the WCJ determines that a medical examination is appropriate, the burden falls upon the *Claimant* to establish a reasonable cause or excuse for *not* attending the examination. Because Claimant failed to establish such a reasonable cause or excuse, the order of the Board, which affirmed the WCJ's grant of Employer's petition for an independent medical examination, is affirmed.

Section 314(a) of the Act provides that, once a WCJ orders a claimant to submit to an independent medical examination, a claimant who refuses to do so must provide a "reasonable cause or excuse" for the refusal:

At any time after an injury the employe, if so requested by his employer, must submit himself ... for a physical examination.... If the employe shall refuse ... to submit to the examination ... a workers' compensation judge assigned by the department may, upon petition of

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4.

2. Our review of an order requiring further physical examination of a claimant is limited

to determining whether there was a manifest abuse of discretion by the WCJ. *Caggiano v. Workmen's Compensation Appeal Board,* 42 Pa.Cmwlth. 524, 400 A.2d 1382 (1979).

the employer, order the employee to submit to such examination.... The refusal or neglect, *without reasonable cause or excuse*, of the employe to submit to such examination ... shall deprive him of the right to compensation.... (Emphasis added).

The decision on whether to grant an employer's request for an independent medical examination of a claimant is a matter of broad discretion for a WCJ, who also has the discretion to determine the reasonableness (or lack thereof) of a claimant's excuse for refusing to submit to the examination. *School District of Philadelphia v. Workers' Compensation Appeal Board (Landon)*, 707 A.2d 1176 (Pa. Cmwlth.1998); *Caggiano*. Nothing less than a manifest abuse of discretion by a WCJ will justify interference by this Court with a WCJ's decision on this matter. *Id.*

In *Caggiano*, which controls the present case, we held that a WCJ has the discretion to compel a claimant to submit to an independent medical examination even where the claimant has already been adjudicated totally disabled by reason of an occupational disease. Absent a reasonable cause not to do so, a claimant is required to submit to an examination if so directed by the WCJ:

> The appellant argues here that where a prior unappealed adjudication has been made as to a permanent and disabling occupational disease, the theory of res judicata is applicable and a subsequent petition for termination and request for medical examination must be dismissed. We do not believe, however, that the employer is precluded from all further medical examination of the appellant, and we note the clear language in Section 314 of the Act as quoted above which specifically provides for an examination after an award of benefits. Furthermore, although the theory of res judicata is applicable to workmen's compensation cases, ... it's applicability is limited to the finding of the state of disability at a given time.... Addition-

ally, we note that Section 413(a) of the Act specifically provides for review of adjudications on the basis that the disability may have increased, decreased, recurred, or temporarily or finally ceased. 77 P.S. § 772.

> The [claimant] has not alleged or established that he had reasonable cause to refuse to submit himself to a medical examination, and therefore the Board's order directing him to do so must be affirmed.

*Caggiano*, 400 A.2d at 1384. *See also McGonigal v. Workers' Compensation Appeal Board (City of Philadelphia)*, 713 A.2d 692 (Pa.Cmwlth.1998) (fact that claimant has an irreversible disease does not necessarily mean that there is no alternative work that claimant can perform. In order for employer to secure suitable alternative work, it may be necessary for claimant to submit to a medical examination so that employer can identify what jobs may be suitable).

In reaching our decision in the present case, we are aware that our Supreme Court has held that an employer is precluded from relitigating, by way of a petition for termination, the question of a claimant's disability without first showing that the claimant's disabling condition is in fact reversible. *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 534 Pa. 327, 632 A.2d 1302 (1994). *Hebden*, however, is distinguishable because the litigation therein involved an employer's petition for *termination*, not a petition for an *independent medical examination*, as in the present case. An independent medical examination, unlike a petition for termination, is a non-adversarial, fact-finding procedure. *Maranc v. Workmen's Compensation Appeal Board (Bienenfeld)*, 156 Pa.Cmwlth. 572, 628 A.2d 522 (1993), *appeal denied*, 537 Pa. 636, 642 A.2d 489 (1994). Indeed, it may not even be possible for an employer to know whether a petition for modification or termination is appropriate without first having the claimant submit to an independent

medical examination. As such, the WCJ, as noted above, is afforded broad discretion in determining whether to grant or deny an employer's petition for a medical examination, and we are reluctant to usurp the WCJ's authority on this matter.

We are also mindful of our recent decision in *Fairmount Foundry v. Workers' Compensation Appeal Board (Baylor)*, 702 A.2d 373 (Pa.Cmwlth.1997), *appeal denied,* 553 Pa. 708, 719 A.2d 747 (1998). In *Fairmount,* the WCJ, utilizing his discretion, *denied* the employer's petition for an independent medical examination of the claimant, apparently due to the fact that the employer's own physician admitted that individuals with the claimant's disease are actually likely to suffer a worsening of the disease. In the present case, however, the WCJ *granted* the Employer's petition. As set forth in Section 314(a) of the Act as well as in *Caggiano*, once the WCJ, at his or her discretion, determines that an employer's petition for an examination shall be granted, the burden rests with the claimant to establish a reasonable cause or excuse for refusing to submit to the examination (for example, the claimant could produce evidence that his or her disabling condition is in all cases irreversible). In light of Section 314(a) and *Caggiano*, we question whether this Court would have reached the same result in *Fairmount* (denial of the employer's request for an independent medical examination) if, as in the present case, the WCJ had, in the exercise of his discretion, *granted* the employer's petition in the first instance and ordered the claimant to submit to the examination.

Accordingly, the order of the Board is affirmed.

### *O R D E R*

AND NOW, this 6th day of July, 1999, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.