**Judith A. REINHARDT, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (MT. CARMEL NURSING CENTER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs, Nov. 30, 2001.

Decided Jan. 9, 2002.

James J. Kane, Pottsville, for petitioner.

Robert A. Taylor, Harrisburg, for respondent.

Before DOYLE, President Judge,[1] McGINLEY, Judge, and McCLOSKEY, Senior Judge.

1. The decision in this case was reached prior to the date that President Judge Doyle as-

McCLOSKEY, Senior Judge.

Judith A. Reinhardt (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board), affirming an order of the Workers' Compensation Judge (WCJ), denying and dismissing Claimant's claim petition and her petitions for review of utilization review determinations. We affirm.

Mt. Carmel Nursing Center (Employer) employed Claimant as a nurse. In the course and scope of her employment on December 19, 1990, Claimant sustained an injury to her back while attempting to lift a patient. Claimant received total disability benefits pursuant to a notice of compensation payable issued by Employer. The notice of compensation payable described Claimant's injury as a "twisted back." Claimant and Employer thereafter entered into a series of supplemental agreements culminating in a commutation agreement and stipulation of facts dated April 6, 1994.

Pursuant to the stipulation, the parties agreed that Claimant had sustained an injury to her "back" on December 19, 1990, and that her disability status had resolved to partial as of the date of the stipulation. (R.R. at 2a). The parties also agreed that Claimant was only entitled to partial disability benefits in the amount of $50.00 per week. Claimant sought a commutation of these benefits in the amount of $25,000.00 ($50.00 per week × 500 weeks). Further, the parties agreed that "[a]ll reasonable and necessary medical expenses relate to

and arising out of Claimant's work-related injury shall remain and continue to be the responsibility of Defendants, [Employer] and EBI Companies[2]." (R.R. at 4a). The Board adopted the stipulation of facts and entered an order granting the commutation.[3]

Later, on March 23, 1994, Employer filed two initial requests for utilization review of the medical treatment Claimant received from Drs. Mahmood Nasir and Ahmed Kneifati. The request for review of Dr. Nasir's treatments related to the period from November 8, 1993, to the present, including hospitalization and testing from March 8, 1994, to March 11, 1994. The request for review of Dr. Kneifati's treatments related to the period from July 14, 1992, to the present. The cases were assigned to utilization review organizations (URO's), which determined that all of this treatment was neither reasonable nor necessary.[4] Claimant thereafter filed requests for reconsideration and the cases were again assigned to URO's. The URO's, however, once more determined that all of this treatment was neither reasonable nor necessary.[5] Claimant then filed petitions for review of the URO's determinations and the cases were assigned to the WCJ.

In the meantime, on February 1, 1996, Claimant filed a claim petition against Employer alleging that she sustained additional injuries to her neck, shoulders, arm,

sumed the status of senior judge on December 31, 2001.

2. EBI Companies was Employer's workers' compensation insurance carrier at the time.

3. With regard to future medical expenses, the Board's order provided that "[t]he defendants shall continue to pay all reasonable and necessary medical bills and expenses of the Claimant causally related to the work injury in question." (R.R. at 1a).

4. Dr. Joel M. Rutenberg performed the initial review of Dr. Nasir's treatment and Dr. Seymour Shlomchik performed the initial review of Dr. Kneifati's treatment.

5. Dr. Steven M. Kiel performed secondary review of Dr. Nasir's treatment and Dr. John W. Lehman performed secondary review of Dr. Kneifati's treatment.

elbow, wrist, hand, fingers and thumb on December 19, 1990. Employer filed an answer denying the allegations of Claimant's petition. The case was assigned to the WCJ and later consolidated for hearing purposes with Claimant's petitions for review of the URO's determinations.[6] No testimony, however, was taken. Instead, the parties rested on the evidence, in the nature of numerous medical records, reports and bills, submitted to the WCJ. Specifically, both Claimant and Employer presented the medical reports of the URO's reviewing doctors, including Drs. Rutenberg, Shlomchik, Kiel and Lehman.

Additionally, both parties also submitted the report of Dr. S. Ross Noble. Dr. Noble performed an independent medical examination of Claimant at Employer's request. In the course of this examination, Dr. Noble also thoroughly reviewed Claimant's extensive medical records. Based on his examination and records review, Dr. Noble opined that Claimant's complaints of numbness and tingling in her right hand, as well as pain in her neck and shoulders, were merely subjective and unrelated to her original work injury. Moreover, Dr. Noble opined that any medical treatment Claimant received after April of 1991 was neither reasonable nor necessary.

Ultimately, the WCJ issued a decision and order denying and dismissing Claimant's claim petition and her petitions for review of the URO's determinations. In rendering his decision, the WCJ accepted the reports and opinions of Drs. Rutenberg, Shlomchik, Kiel, Lehman and Noble as competent and credible.[7] Based upon the same, the WCJ concluded that any treatment rendered to Claimant after September 1, 1993, including her hospitalization from March 8, 1994, to March 11, 1994, was neither reasonable nor necessary. The WCJ further concluded that Claimant failed to causally relate her complaints regarding her neck and upper extremities to her original work injury. Claimant appealed to the Board and the Board affirmed.

On appeal to this Court,[8] Claimant argues that the Board erred in affirming the decision of the WCJ.[9] More specifically, Claimant argues that the WCJ erred as a matter of law in concluding that Employer had met its burden of proving that her treatment was unreasonable and unnecessary, as the URO's reviewing doctors considered the issue of causation in the course of their reviews. We disagree.

■ In a utilization review proceeding such as the present one, Employer bears the never-shifting burden of proof to show that the treatments in question are unreasonable or are unnecessary. *See Glick v. Workers' Compensation Appeal Board (Concord Beverage Co.)*, 750 A.2d 919 (Pa. Cmwlth.2000); *Topps Chewing Gum v. Workers' Compensation Appeal Board*

6. In actuality, both Claimant's claim petition and her petitions for review of the URO's determinations were assigned to several different WCJ's before final assignment to the WCJ who ultimately decided this matter.

7. The WCJ was specifically impressed with the thorough physical examination and comprehensive record review performed by Dr. Noble.

8. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, con-

stitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Cmwlth. 436, 550 A.2d 1364 (1988).

9. In the present appeal to this Court, Claimant does not contest the Board's affirmance of the WCJ's decision denying and dismissing her claim petition.

*(Wickizer)*, 710 A.2d 1256 (Pa.Cmwlth. 1998). Moreover, the Bureau of Workers' Compensation Medical Cost Containment Regulations (Regulations), 34 Pa.Code §§ 127.1—127.755, address the reviewing powers of URO doctors. Specifically, these Regulations provide that the URO doctors "shall decide only the issue of whether the treatment under review is reasonable or necessary for the medical condition of the employe." 34 Pa.Code § 127.470(a). Additionally, these Regulations provide that the URO doctors "shall assume the existence of a causal relationship between the treatment under review and the employe's work-related injury." 34 Pa.Code § 127.470(b).

▮ In this case, the treatment under review, i.e., the treatment rendered to Claimant by Drs. Nasir and Kneifati, involved management of Claimant's pain and symptoms not only in her back, but also in her neck, shoulders, arm, hand and fingers. However, pursuant to Employer's original notice of compensation payable, as well as the stipulation of facts executed by the parties relating to commutation, Claimant's only recognized injury was a back injury.[10] Thus, according to the Regulations, the URO doctors were only required to assume the existence of a causal relationship between the treatment under review and Claimant's back injury. Upon our review of the evidence of record, it appears that the URO doctors made such an assumption.

However, no such assumption was made with respect to the non-back injuries for which Claimant received treatment, i.e., alleged pain and symptoms in her neck, shoulders, arm, hand and fingers. Nor were the URO doctors required to make such an assumption. Instead, the URO doctors properly questioned the causal re-

lationship and resultant treatment for these non-back injuries. In the end, the URO doctors determined that such treatment was neither reasonable nor necessary. The WCJ accepted the reports and opinions of these doctors, as well as Dr. Noble, as competent and credible. Based upon the same, the WCJ concluded that Employer had met its burden of proving that any treatment Claimant received after September 1, 1993, was neither reasonable nor necessary. We cannot say that the WCJ erred as a matter of law in reaching this conclusion. Nor can we say that the Board erred in affirming the decision of the WCJ.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 9th day of January, 2002, the order of the Workers' Compensation Appeal Board is hereby affirmed.

---

**10.** Nowhere is this more evident than in the fact that Claimant later filed a claim petition

seeking to specifically include the non-back injuries as original work-related injuries.