**Linda DAVIS, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (WOOLWORTH CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 11, 2007.

Decided July 5, 2007.

---

1. *See Arter v. Philadelphia Zoning Board of* *Adjustment,* 916 A.2d 1222, Pa.Cmwlth.2007.

Richard A. Jaffe, Philadelphia, for petitioner.

Audrey E. Timm, Philadelphia, for respondent.

BEFORE: LEADBETTER, President Judge, FRIEDMAN, Judge, McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Linda Davis (Claimant) petitions for review of the August 30, 2006, order of the Workers' Compensation Appeal Board (WCAB) reversing the decision of a workers' compensation judge (WCJ) to deny the petition to compel a physical examination filed by Woolworth Corporation (Employer) pursuant to section 314 of the Workers' Compensation Act (Act) [1]. We affirm.

The facts are not in dispute. Claimant suffered an injury to her wrist in November 1990, and, in February 1991, Employer accepted liability for that injury in a notice of compensation payable. Claimant underwent an independent medical examination in 1997. In May 1999, a WCJ approved a compromise and release agreement under which Claimant received a lump sum payment of $36,000 and attorney fees. The WCJ's order confirmed the parties' stipulation that Employer would remain responsible for Claimant's reasonable and necessary medical expenses.

In November 2003, Claimant filed a request for utilization review, and a determination issued in February 2004 found Claimant's prescription medications to be reasonable and necessary. In March 2004, Employer filed a petition to compel a physical examination, contending that Claimant's last physical examination was in 1997 and that Claimant had refused Employer's requests that she submit to an examination. Claimant opposed the petition, arguing that there was no reasonable basis for a medical examination because her prescriptions very recently had been found to be reasonable and necessary. By

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 651. In pertinent part, section 314(a) of the Act provides as follows:

At any time after an injury, the employe, if so requested by his employer, must submit himself at some reasonable time and place for a physical examination ... by an appropriate health care provider ... who shall be selected and paid for by the employer. If the employe shall refuse upon the request of the employer, to submit to the examination ... a workers' compensation judge as-signed by the department may, upon petition of the employer, order the employe to submit to such examination.... The workers' compensation judge may at any time after such first examination ... upon petition of the employer, order the employe to submit himself to such further physical examinations ... *as the workers' compensation judge shall deem reasonable and necessary ....*

77 P.S. § 651(a) (emphasis added).

order dated April 30, 2004, WCJ Robert Simmons denied Employer's petition. In so doing, WCJ Simmons concluded as follows:

> Based on the fact that there has been no contention that the requested examination was being requested to ascertain a change in Claimant's condition and with the continuing medical treatment having been found reasonable and necessary, which finding *also* encompassed the issue of the unchanged, on-going nature of the Claimant's work-related injury for medical benefits purposes, Employer has failed to present a reasonable basis upon which to predicate an order compelling Claimant to submit to the requested examination.

(WCJ's April 30, 2004, decision, WCJ's Conclusions of Law, No. 2) (emphasis added).

On appeal, the WCAB held that WCJ Simmons erred by misconstruing the purpose of utilization review, which does not address, let alone decide, questions concerning a claimant's disability.[2] The WCAB further held that, contrary to the WCJ's reasoning, it is irrelevant whether Employer explicitly alleged a change in Claimant's condition. Observing that a primary purpose of an examination under section 314 is to determine whether the claimant's status has changed, the WCAB concluded that an employer filing a petition under section 314 does not have to explicitly allege this purpose. Because no record was made of the hearing before the WCJ, the WCAB vacated the WCJ's decision and remanded the matter to the WCJ so that the parties could present evidence on relevant issues, such as the circumstances of the proposed physical examination and the qualifications of the examiner.

WCJ Simmons held a remand hearing on October 12, 2005. Employer offered into evidence the notice of an April 6, 2004, physical examination, which Claimant failed to attend, and the curriculum vitae of Wilhelmina Korevaar, M.D. Claimant entered her answer to Employer's petition. No testimony was presented, but Employer's counsel stated on the record that Claimant's last physical examination occurred seven years ago and that Employer's petition was intended to ascertain Claimant's present condition, not to harass her. (O.R., N.T. at 9.) After discussion with counsel,[3] the record was closed. By decision dated November 29, 2005, WCJ Simmons found that Employer offered no reasonable basis for the requested examination other than the passage of time. Citing *Conaway v. Workers' Compensation Appeal Board (City of Philadelphia)*, 728 A.2d 1037 (Pa.Cmwlth.), *appeal denied*, 560 Pa. 731, 745 A.2d 1225 (1999),

---

2. The limited purpose of the utilization review procedures set forth in section 306(f.1)(6) of the Act, 77 P.S. § 531(6), is to determine the reasonableness and necessity of treatment in relation to a specified work injury. *Reinhardt v. Workers' Compensation Appeal Board (Mt. Carmel Nursing Center)*, 789 A.2d 871 (Pa. Cmwlth.2002). Bureau regulations specify that reviewers "shall decide *only* the issue of whether the treatment under review is reasonable or necessary for the medical condition of the employe." 34 Pa.Code § 127.470(a) (emphasis added).

3. The record includes the following exchange:

[WCJ]: So it's clear on the record, [Employer's] position is that it's entitled as a matter of law to this exam simply because of the passage of time?
[Employer's counsel]: Yes, your honor.
[WCJ] Okay. Claimant takes exception to that, and pretty much the Claimant's position is that regardless of the passage of time, [Employer] has an obligation to establish before the [WCJ] a reasonable basis for the request. Have I stated your position properly ... ?
[Claimant's counsel]: [Yes.]
(O.R., N.T. at 13–14.)

and *Fairmount Foundry v. Workers' Compensation Appeal Board (Baylor)*, 702 A.2d 373 (Pa.Cmwlth.1997), *appeal denied*, 553 Pa. 708, 719 A.2d 747 (1998), the WCJ concluded that the mere passage of time does not meet the "reasonable and necessary" standard for compelling an examination set forth in section 314(a) of the Act. Accordingly, the WCJ again denied Employer's petition.

Employer appealed to the WCAB, which again reversed the WCJ's decision. The WCAB concluded that the WCJ erred as a matter of law in applying *Conaway* and *Fairmount Foundry*, which involved irreversible occupational diseases and, therefore, were not controlling. The WCAB concluded that Employer was entitled to another physical examination of Claimant where the last such examination took place in 1997.[4] Accordingly, the WCAB reversed the WCJ's decision and ordered Claimant to submit to a physical examination upon further notice by Employer.

■■■ On appeal to this court,[5] Claimant correctly notes that the grant or denial of a petition to compel a physical examination pursuant to section 314 is within the sound discretion of the WCJ, and our court will not interfere with that decision absent an abuse of discretion. *Linton v. Workers' Compensation Appeal Board (Amcast In-*

*dustrial Corporation)*, 895 A.2d 677 (Pa. Cmwlth.2006). Claimant argues that the WCJ did not abuse his discretion in denying Employer's petition in this case because Employer asserted no reasonable basis for its request. We disagree.

We agree with the WCAB that the WCJ erred in relying *Conaway* and *Fairmount Foundry*, which involve irreversible occupational disease claims and have no relevance to the facts of this case. Pursuant to our holding in *Linton*, the WCJ further erred in concluding that the passage of time in and of itself is not a reasonable basis to support the grant of a petition under section 314.

In *Linton*, a WCJ granted the employer's petition to compel a vocational interview of the claimant three years after the claimant's last vocational assessment. On appeal, we observed that Form LIBC–499 (Petition for Physical Examination or Expert Interview of Employee (Section 314)) does not require an employer to provide any reason for the request.[6] Noting that a vocational interview may be the only mechanism by which an employer can *determine* the existence and/or extent of a change in a claimant's vocational status, we concluded that it would not be reasonable to require an employer to *allege* such a change in order to request a subsequent

---

4. The WCAB observed that custom and practice have established six months as a reasonable period of time for a new examination where a claimant continues to receive benefits. The WCAB stated that this custom and practice is reflected in section 306(a.2) of the Act, added by the Act of June 24, 1996, P.L. 350, 77 P.S. § 511.2, which permits two impairment rating evaluations during a twelve-month period. The WCAB opined that two independent medical examinations per year is "an adequate rule of thumb." (WCAB's op. at 5.)

5. Our scope of review is limited to determining whether an error of law was committed, whether constitutional rights were violated or

whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

6. Indeed, Form LIBC–499 provides space for an employer to set forth only the following information: (1) the date on which it requested the employee to submit to a physical examination or vocational interview; (2) the date of the last physical examination or expert interview of the employee; and (3) a date by which the employer seeks to have the employee submit to the physical examination or expert interview.

interview. Finally, we held in *Linton* that the mere passage of time *did constitute* grounds to compel a claimant to submit to a subsequent vocational interview pursuant to section 314(a) of the Act.

In this case, approximately seven years have elapsed since Claimant's last physical examination; we conclude that a period of such length patently satisfies the "mere passage of time" basis for granting a petition under section 314.[7] *Linton.*

Accordingly, we affirm.

### ORDER

AND NOW, this 5th day of July, 2007, the order of the Workers' Compensation Appeal Board, dated August 30, 2006, is hereby affirmed.

---

**7.** Absent a statutory provision similar to that in section 306(a.2) of the Act, 77 P.S. § 511.2, we decline to hold that two examinations per year is reasonable *per se*, believing that doing so would impermissibly infringe on the authority and discretion given to the WCJ under section 314.