Commonwealth of PA-Department : 
of Environmental Resources, : 
      Petitioner : 
            : 
            : 
     v.      : 
            : 
Workers' Compensation Appeal : 
Board (Vicinelly),     :  No. 161 C.D. 2018
     Respondent  :  Submitted: June 15, 2018

BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
     HONORABLE ANNE E. COVEY, Judge
     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY          FILED: July 25, 2018

   The Commonwealth of Pennsylvania, Department of Environmental Resources (Employer) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) January 30, 2018 order affirming Workers' Compensation Judge Coholan's (WCJ Coholan) January 4, 2017 remand decision granting Betty Vicinelly's (Claimant) Fatal Claim Petition filed on behalf of her deceased husband Raol Vicinelly (Decedent) and awarding her dependent benefits. Employer presents three issues for this Court's review: (1) whether the Board erred by reversing WCJ Coholan's June 3, 2014 decision denying Claimant's Fatal Claim Petition; (2) whether the Board erred by determining that Daniel C. DuPont, D.O.'s (Dr. DuPont) testimony was incompetent; and, (3) whether the Board erred by failing to address the competency of Cyril H. Wecht, M.D.'s (Dr. Wecht) testimony.

   On July 31, 1990, WC Referee Luich awarded WC benefits to Decedent "for total and permanent disability resulting from an occupational disease, coal

workers' pneumoconiosis . . . ." Reproduced Record (R.R.) at 276a. On October 9, 2012, Claimant filed the Fatal Claim Petition alleging that Decedent's work-related pneumoconiosis caused his death on July 10, 2012. Employer denied the allegations.

A hearing was conducted before WCJ Coholan on January 29, 2014. On June 3, 2014, WCJ Coholan denied the Fatal Claim Petition based on her conclusion that Claimant failed to prove by competent and credible evidence that Decedent's pneumoconiosis caused or was a substantial contributing factor in bringing about his death. Claimant appealed to the Board. On February 18, 2016, the Board determined that Employer's expert Dr. DuPont's testimony was legally incompetent, thus, the WCJ erred by denying relief. The Board reversed WCJ Coholan's decision and remanded the matter for an appropriate award of fatal claim benefits.

Employer filed a Petition for Rehearing (Petition) with the Board, which the Board granted on April 15, 2016. On August 30, 2016, the Board reaffirmed its February 18, 2016 order, stating that it did not err in evaluating the medical evidence and WCJ Coholan's dipositive findings. On January 4, 2017, WCJ Coholan awarded fatal claim benefits as of the date of Decedent's death, July 10, 2012, plus funeral expenses and litigation costs. Employer appealed to the Board. On January 30, 2018, the Board affirmed WCJ Coholan's decision after remand. Employer appealed to this Court.[1]

Employer first argues that the Board erred by reversing WCJ Coholan's June 3, 2014 decision denying Claimant's Fatal Claim Petition. Specifically, Employer contends the Board erred by overturning WCJ Coholan's credibility determination of Dr. Wecht's testimony. In her June 3, 2014 decision, WCJ Coholan opined:

---

[1] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

2

> Based upon my review and consideration of all of the evidence that has been presented in this matter, I find that [Claimant] has failed to establish with credible, medical opinion evidence that [Decedent's] coal workers' pneumoconiosis caused or contributed to his death on July 10, 2012. I must reach this conclusion because [C]laimant is relying upon the medical opinions of Dr. [] Wecht in order to meet her burden of proof. I cannot, however, find Dr. Wecht's opinions to be credible or reliable in this matter because in his reports and during his deposition testimony, **Dr. Wecht did not at all mention or discuss the fall that [Decedent] sustained in June[] 2012, or any of the significant health problems (i.e. a subdural hematoma and hydropneumothorax) that [Decedent] experienced as the result of that fall**. Moreover, **Dr. Wecht did not at all mention or discuss the pneumonia** documented during [Decedent's] final hospitalization. As Dr. Wecht did not at all acknowledge these significant medical factors and, on the contrary, actually stated that [D]ecedent had not experienced any type of catastrophic medical event, I cannot rely upon Dr. Wecht's opinions for purposes of awarding benefits to [Claimant].

R.R. at 28a-29a (emphasis added). In its February 18, 2016 decision, the Board declared:

> Upon review, the WCJ erred in that she rejected Dr. Wecht's testimony absent any credible evidence supporting her determination. **We will conclude, at the outset, that the testimony of Dr. DuPont was incompetent** . . . . Thus[,] any reliance by the WCJ on Dr. DuPont's testimony in determining that Decedent sustained a fall, a subdural hematoma and hydropneumothorax as a result of that fall, as well as pneumonia . . . was in error, **and therefore the WCJ's credibility determinations in rejecting Dr. Wecht's testimony were arbitrary and capricious**.

R.R. at 42a (emphasis added). Assuming, arguendo, that Dr. DuPont's testimony was incompetent, the issue becomes whether, absent Dr. DuPont's testimony, there was record evidence "that Decedent sustained a fall, a subdural hematoma and hydropneumothorax as a result of that fall, as well as pneumonia." *Id.*

3

At the January 29, 2014 WCJ Coholan hearing, Claimant identified "records from [University of Pittsburgh Medical Center (]UPMC[)] in June and July of 2012." R.R. at 144a. They were "admitted as Claimant's Exhibit 18." *Id.* The first page of the UPMC records provided:

Basic Information

Visit Information: Patient seen on 6/22/2012.

Consultation Information

Requesting MD: CALLOWAY, TIFFANY N.

Reason for consult: Hypoxia, increased 02 needs.

History of Present Illness

Patient [(pt)] is a 87 y/o male with [past medical history] of tobacco and alcohol abuse and black lung,[2] who is currently in the rehab unit following a R SAE [serious adverse event]. **He originally presented to OSH** [outside hospital] **after being found down at home by family, found to have R SAH** [subarachnoid hemorrhage] **within R sylvian region**. Subsequently transferred to PUB on 6/9 with **confirmed SAH and additionally found to have large L sided hydropneumothorax**. On arrival, left CT placed for pneumothorax [(PTX)], pt intubated. No other injuries found on CT pan-scan. GCS [Glasgow coma scale] 5 on arrival and increased GCS 10 which prompted ICU [intensive care unit] admission, PTX resolved well w/ CT, which has since been removed. Neuro exam improved gradually and started to follow commands on 6/12. ERG [electroretinography] done on 6/10 revealed triphasic waves on diffusely slow background, c/w toxic-metabolic origin. He completed 7 days of keppra for seizure ppx: HCT has remained stable and no need for further imaging from [n]eurosurgical standpoint. **Hospital course further complicated by** paroxysmal Afib, ARI, **pneumonia w/BAL** 6/9 showing serratia and e coli and UTI treated with zosyn, BAL on 6/16 with no growth, malnutrition on TFs

---

2 The terms black lung and coal workers' pneumoconiosis are used interchangeably throughout the record.

4

started 6/14. Cleared by speech for puree with nectar thicks on 6/18. Patient transferred to MUH IPR on 6/19. Medicine consulted for management of persistent hypoxia and 02 needs and prolonged QT.[3]

R.R. at 343a (emphasis added). Claimant's Exhibit 18 is sufficient record evidence, absent Dr. DuPont's testimony, to support WCJ Coholan's determination because it substantiates Decedent's June 2012 fall and the significant health problems (*i.e.*, a subdural hematoma and hydropneumothorax) Decedent experienced as the result of that fall, including the pneumonia. Thus, the Board erred by overturning WCJ Coholan's credibility determination of Dr. Wecht's testimony based on its conclusion that Dr. DuPont's testimony was incompetent. Accordingly, the Board erred by reversing WCJ Coholan's June 3, 2014 decision denying Claimant's Fatal Claim Petition.

Employer next argues that the Board erred by determining that Dr. DuPont's testimony was incompetent. Specifically, in its February 18, 2016 decision, the Board opined:

> [T]he testimony of Dr. DuPont was incompetent, in that, pursuant to the July 31, 1990 award, Decedent was found to be totally and permanently disabled from his pneumoconiosis as of August 7, 1989, but, based on his review of the contemporaneous medical records from 1989, Dr. DuPont denied that Decedent was disabled from his pneumoconiosis. [*U.S. Steel Mining Co., LLC v. Workers' Comp. Appeal Bd. (Sullivan)*, 859 A.2d 877 (Pa. Cmwlth. 2004)]; [*City of Phila. v. Workers' Comp. Appeal Bd. (McGinn)*, 879 A.2d 838 (Pa. Cmwlth. 2005)]; *Hebden* [*v. Workmen's Comp. Appeal Bd. (Bethenergy Mines)*, 632 A.2d 1302 (Pa. 1993)]; [*City of Phila. v. Workers' Comp. Appeal Bd. (Szparagowskil)*, 831 A.2d 577 (Pa. 2003)]; *see Caggiano v.* [*Workmen's Comp. Appeal Bd.*], 400 A.2d 1382, 1384 (Pa. Cmwlth. 1979) (holding that 'the theory of res judicata is limited to the finding of the state of disability at a given time').

---

[3] The abbreviations are not defined in the record.

R.R. at 42a. Employer contends that the Board's above-cited determination and cases are inapposite because Dr. DuPont clearly and unequivocally acknowledged that Claimant had pneumoconiosis.

In *Sullivan*, *McGinn*, and *Hebden*, the employers' experts testified that decedent/claimant did not suffer, or had recovered, from an irreversible disease which had already been determined by a prior WCJ to be an irreversible disease. Thus, the experts' testimony was ruled incompetent in those cases. In *Szparagowskil*, however, our Supreme Court reaffirmed *Hebden*, but ruled that **notwithstanding** an irreversible work-related disease, WC benefits could be modified if the claimant could return to work. Finally, in *Caggiano*, as stated by the Board, this Court held that the theory of res judicata is **limited to** the finding of the state of disability at a given time. Here, although Dr. DuPont appeared to dispute the degree of Decedent's disability caused by his pneumoconiosis, Dr. DuPont nevertheless acknowledged that Decedent had, in fact, suffered from pneumoconiosis. *See* R.R. at 377a, 393a, 399a, 405a, 418a.

> Dr. DuPont expressly opined:
>
> Q. Just to summarize. Do you have an opinion within a reasonable degree of medical certainty as to the cause of death for [Decedent]?
>
> A. I do.
>
> Q. And what is that?
>
> A. [Decedent] died of respiratory failure related to aspiration pneumonia related to a fall with a subdural hematoma and a hydropneumothorax.
>
> Q. And is it likely within a reasonable degree of medical certainty that his condition, coal workers['] pneumoconiosis, played any role in his death?
>
> A. I do not find any objective data in the medical records to indicate that, so no, it is not likely.

6

Q. So it's your opinion that he died with pneumoconiosis as opposed to from it?

A. Correct.[4]

R.R. at 394a-395a. On cross-examination, Dr. DuPont expounded:

Q. Okay. Now, on page four of your narrative, in the middle of page four you state, I do not find any data within the records to indicate that there is any relationship of simple pneumoconiosis to his terminal medical condition.

By making that statement, Doctor, are you depicting that the disease entity and disability from coal workers' pneumoconiosis was not present?

A. No, it's not what I said. I said that there is no relationship from simple pneumoconiosis to his terminal medical condition, acute decompensation and eventual death. That his coal workers' pneumoconiosis did not cause him to fall, sustain a subdural hematoma, sustain[] a hydropneumothorax, sustain[] respiratory failure, sustain[] aspiration pneumonia or die.

R.R. at 417a-418a. Thus, the cases the Board cited are inapposite. Because Dr. DuPont clearly and unequivocally acknowledged Decedent's work-related pneumoconiosis, the Board erred by determining for that reason his testimony was incompetent.

Lastly, Employer argues that the Board erred by failing to address the competency of Dr. Wecht's testimony. Specifically, Employer contends that because Dr. Wecht was unaware of Decedent's fall prior to his death, Dr. Wecht's testimony was incompetent.

The law is well-settled law that a physician's testimony in WC hearings is incompetent as a matter of law as to the cause of a claimant's injuries if that physician's findings are based on an incomplete and inaccurate medical history.

---

[4] Dr. DuPont further testified that, even assuming Decedent's pneumoconiosis was permanently disabling, it still would not have been a contributing cause of Decedent's death because of the intervening fall. *See* R.R. at 413a-414a.

*Chic-Fil-A v. Workers' Comp. Appeal Bd. (Mollick)*, 792 A.2d 678 (Pa. Cmwlth. 2002); *see also Newcomer v. Workmen's Comp. Appeal Bd. (Ward Trucking Corp.)*, 692 A.2d 1062 (Pa. 1997); *Sw. Airlines/Cambridge Integrated Serv. v. Workers' Comp. Appeal Bd. (King)*, 985 A.2d 280 (Pa. Cmwlth. 2009).

Here, Dr. Wecht did not mention Decedent's June 2012 fall or any of the significant health problems (*i.e.*, a subdural hematoma and hydropneumothorax) that Decedent experienced as a result of that fall, including the pneumonia. Indeed, Dr. Wecht testified that Decedent "did not have a major catastrophic kind of medical problem." R.R. at 303a. Because Dr. Wecht made no reference to Decedent's fall, this Court must conclude that his findings were based on an incomplete and inaccurate medical history. Under such circumstances, this Court is constrained to hold that Dr. Wecht's testimony is incompetent as a matter of law. *Newcomer*; *Sw. Airlines*; *Chic-Fil-A*.

Having concluded that Dr. Wecht's testimony is incompetent, Claimant failed to prove by competent and credible evidence that Decedent's pneumoconiosis caused or was a substantial contributing factor in bringing about his death. Accordingly, this Court cannot affirm the Board's January 30, 2018 order awarding Claimant fatal benefits because the Board erred by reversing WCJ Coholan's June 3, 2014 decision denying Claimant fatal benefits.

For all of the above reasons, the Board's January 30, 2018 order is reversed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of PA-Department :
of Environmental Resources, :
      Petitioner :
       :
    v. :
       :
Workers' Compensation Appeal :
Board (Vicinelly), : No. 161 C.D. 2018
      Respondent :

## O R D E R

AND NOW, this 25th day of July, 2018, the Workers' Compensation Appeal Board's January 30, 2018 order is reversed.

_____
ANNE E. COVEY, Judge