628 A.2d 522

Kiva MARANC, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL
BOARD (BIENENFELD), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 30, 1993.

Decided June 30, 1993.

John F. X. Fenerty, for petitioner.

Audrey L. Jacobsen, for respondent.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Kiva Maranc appeals from the order of the Workmen's Compensation Appeal Board (WCAB) that affirmed the referee's suspension of Maranc's benefits. We affirm.

Maranc received benefits as a result of a work-related injury sustained on May 8, 1987, while employed by Helen Bienenfeld (Employer). Employer subsequently requested Maranc submit to an independent medical examination as allowed by Section 314 of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 651.[1] An appointment was scheduled for June 2, 1988

1. Section 314 of the Act provides, in pertinent part:

with Murray Glickman, M.D., in Philadelphia. (Referee Finding of Fact 2). Maranc did not attend the examination.

Consequently, on August 17, 1988, Employer filed a petition requesting an order to require Maranc to submit to a physical examination by Dr. Glickman, or a physician of the WCAB's choice, as set forth in Section 314 of the Act. The WCAB granted the petition, ordering Maranc to submit to an examination by Dr. Glickman scheduled November 28, 1988. Maranc failed to appear for the November 28, 1988 examination. (Referee Finding of Fact 6). Employer then filed a petition for suspension of benefits because Maranc failed to comply with the WCAB's order. A suspension hearing was scheduled before a referee but was continued based upon the oral promise of Maranc's counsel that Maranc would submit to an independent medical examination on March 27, 1989. Maranc refused to attend the March 27, 1989 scheduled examination with Dr. Glickman because his counsel was not allowed to be present during the physical examination. Employer filed a petition for supersedeas which the referee granted until such time as Maranc complied with the Board ordered independent medical examination.[2] A fourth examination was scheduled on August 10, 1989, which Maranc again failed to appear for.

On September 19, 1990, Employer requested the referee grant its petition for suspension of benefits effective November 28, 1988, the date which Claimant failed to attend the

> At any time after an injury the employee, if so requested by his employer, must submit himself for examination, at some reasonable time and place, to a physician or physicians legally authorized to practice under the laws of such a place, who shall be selected and paid by the employer. If the employee shall refuse upon the request of the employer, to submit to the examination by the physician or physicians selected by the employer, the Board may, upon petition by the employer, order the employee to submit to an examination at a time and place set by it, and the physician or physicians selected and paid by the employer, or by a physician or physicians designated by it and paid by the employer.

2. Subsequent to the referee granting Employer's petition for supersedeas, Maranc appealed the grant of supersedeas to the WCAB. The WCAB quashed the appeal as interlocutory and this Court affirmed.

initial ordered examination with Dr. Glickman. The referee granted the suspension of benefits and the WCAB affirmed.

On appeal to this Court,[3] Maranc argues that he was entitled to have his counsel present at the medical examination because the examination was adversarial in nature, thus, requiring the attendance of counsel. Maranc asserts he, therefore, had a reason to refuse the examination. We do not agree.

■ A claimant's failure to comply with an order to submit to a physical examination under Section 314 of the Act, without a reasonable excuse, shall result in deprivation of the claimant's right to compensation until the claimant complies with the order. *Blair v. Workmen's Compensation Appeal Board (Fullington Bus Co.,* 80 Pa.Commonwealth Ct. 459, 471 A.2d 1289 (1984).

■ The referee, as the ultimate fact-finder, has the discretion to determine the reasonableness of a claimant's excuse for non-compliance with an order to submit to an examination. *Caggiano v. Workmen's Compensation Appeal Board (Kawecki Berylco Industries, Inc.),* 42 Pa.Commonwealth Ct. 524, 400 A.2d 1382 (1979). An order to submit to a physical examination by a doctor of the employer's choice, will be sustained in the absence of a manifest abuse of discretion by the WCAB in entering such an order. *Connelly v. Workmen's Compensation Appeal Board (Buxmont Drywall Supply Co.),* 61 Pa.Commonwealth Ct. 246, 433 A.2d 591 (1981). The propriety of ordering a physical examination is within the sound discretion of the compensation authority. *Roach v. Oswald Lever Co.,* 274 Pa. 139, 117 A. 785 (1922).

■ Here, Maranc's excuse for failing to comply with the order to submit to a physical examination was that he wanted his attorney present during the examination. Nowhere in

3. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

Section 314 or elsewhere in the Act does a claimant have the right to have his attorney present during an independent medical examination.[4]

Maranc presses that he has a constitutional right to have counsel present during his examination by Dr. Glickman because such examination is a "adversarial" proceeding to which right of counsel attaches.

The Act treats a physician's examination as a method of fact-finding to determine the extent of a claimant's disability for purposes of determining the right to benefits. The referee, not the doctor, is the fact-finder. The referee is not obliged to accept a doctor's testimony even if he is the only expert medical witness to testify and his testimony is uncontroverted. *Container Corp. of America v. Workmen's Compensation Appeal Board (Vaughn),* 59 Pa.Commonwealth Ct. 367, 429 A.2d 1264 (1981).

Here, Maranc's counsel can adequately protect Maranc's interest by deposing Dr. Glickman regarding his conclusions. Maranc's counsel has the right to cross-examine Dr. Glickman during any hearing or deposition in order to challenge his findings, should they be contrary to Maranc. Maranc is also entitled to produce his own physician to rebut any conclusions formulated by Dr. Glickman.[5]

Therefore, we hold that the WCAB properly affirmed the referee's conclusion that Maranc did not have a reasonable excuse for failing to comply with the WCAB's order.

Accordingly, we affirm.

4.  Section 314 of the Act gives a claimant the right to have his own physician present during the physical examination if he so desires.

5.  Maranc also challenges the WCAB's finding that Maranc waived his right to request his attorney's presence during this examination by failing to request this at the time of the initial petition for examination. Our review of the record does not demonstrate that Maranc raised this issue. Issues not raised before the WCAB are deemed waived. *Santarelli v. Workmen's Compensation Appeal Board (Patniell Daugherty Contractor),* 113 Pa.Commonwealth Ct. 281, 537 A.2d 894 (1988).

## ORDER

AND NOW, this 30th day of June, 1993 the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.