636 A.2d 1293

**Charles R. WOLFE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (EDGEWATER STEEL COMPANY), Respondent.**

**EDGEWATER STEEL COMPANY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (WOLFE), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 18, 1993.

Decided Jan. 12, 1994.

Richard G. Spagnolli, for petitioner, respondent Wolfe.

Dale A. Cable, for respondent, petitioner Edgewater Steel Co.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Before this court are cross-appeals by Charles R. Wolfe (Employee) and Edgewater Steel Company/Aetna Life & Casualty Company (Employer) from the order of the Workmen's Compensation Appeal Board (WCAB) affirming in part and reversing in part the order of the referee, and directing Employee to appear at a medical examination scheduled by Employer without the presence of legal counsel.

On August 24, 1990, Employer filed a petition with the WCAB requesting that Employee be ordered to submit to a

physical examination, and/or that his benefits be suspended for his failure to submit to a physical examination which had been scheduled on August 8, 1990 pursuant to Section 314 of the Pennsylvania Workmen's Compensation Act (Act).[1] The WCAB remanded the petition to a referee for a hearing. A hearing was held on February 4, 1991, where the referee found the following facts.

Employee suffered an injury to his back on July 3, 1985 while turning over a ten foot T-bar at work. On December 15, 1986, Employer filed its first petition for termination of benefits based on the opinion of Ronald L. Zimmerman, M.D., who stated that Employee's back problems were caused by diabetic polyneuropathy and not the work-related injury. The referee denied this first petition on April 26, 1988. A second petition for termination was filed on December 19, 1988, based on the medical examination and opinion of G. Malcolm Cottingham, M.D., that Employee's disability was caused by the same diabetic complications and not the 1985 injury. The second petition was also denied by the same referee on October 3, 1989.

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 651. Section 314 provides in pertinent part:

> At any time after an injury the employe, if so requested by his employer, must submit himself for examination, at some reasonable time and place ... The board may at any time after such first examination, upon petition of the employer, order the employe to submit himself to such further examinations as it shall deem reasonable and necessary, at such times and places and by such physicians as it may designate; ... The refusal or neglect, without reasonable cause or excuse, of the employe to submit to such examination ordered by the board, either before or after an agreement or award, shall deprive him of the right to compensation, under this article, during the continuance of such refusal or neglect, and the period of such neglect or refusal shall be deducted from the period during which compensation would otherwise be payable.
>
> The employe shall be entitled to have a physician or physicians of his own selection, to be paid by him, participate in any examination requested by his employer or ordered by the board.

Act 44 of 1993 has amended Section 314 to provide that such petitions are originally assigned by the department to a referee, rather than the WCAB. However, this does not affect the disposition of the present case. Act of July 2, 1993, P.L. ——, No. 1993–44.

Less than a month later, Employer notified Employee that a third medical examination was scheduled with a third physician, Herbert G. Kunkel, Jr., M.D., for December 11, 1989. For a variety of reasons, the examination was re-scheduled three times, and finally on August 8, 1990, Employee appeared for the medical examination. Because Employee believed that this third medical examination evidenced a pattern of harassment, he arrived at Dr. Kunkel's office accompanied by his attorney, Mr. Richard G. Spagnoli, who stated that he intended to be present during the history portion of the examination. Employee's counsel did not notify Employer prior to the date of the medical examination that he intended to attend the examination.

Dr. Kunkel advised Employee that office policy dictated that no one attend the examination with the patient, and Dr. Kunkel called the attorney for Employer, Mr. Dale A. Cable, to clear up the situation. Mr. Spagnoli refused to speak with Mr. Cable on the telephone. With Mr. Cable's advice, Dr. Kunkel agreed to allow Mr. Spagnoli to attend only the history portion of the examination if the session were tape recorded and if Mr. Spagnoli would agree not to speak, nor edit Employee's responses, nor gesture to Employee during the examination. Mr. Spagnoli refused to agree to these conditions, and because of this stalemate, the medical examination did not take place.

After the hearing, the referee ruled by order and opinion that Employee's counsel had a right to be present during the history portion of the examination, as did opposing counsel. The referee also concluded that since the Employee's right to have counsel present during a physical examination had not been specifically addressed or defined by the courts, the referee would not suspend payment of benefits.

The WCAB affirmed the referee in part, and reversed in part. It concluded that the drawbacks in having counsel physically present at a medical examination outweighed the advantages, and it ordered Employee to appear at the medical examination scheduled by Employer without legal counsel. Although the WCAB held that a claimant does not have a

*right* to have counsel present at a physical examination, it also held that there might be circumstances of such a compelling nature to warrant the presence of counsel. In that case, the WCAB would allow a claimant the opportunity to present facts demonstrating those circumstances. However, the WCAB ruled that here Employee had failed to show a compelling reason for allowing counsel to be present.

On appeal, Employee raises two issues for our review: 1) whether a person receiving workmen's compensation benefits has an absolute right to have counsel present during a physical examination with one of the employer's medical experts, and 2) whether the WCAB's findings are supported by substantial competent evidence. In Employer's cross-appeal, Employer claims that it is entitled to a suspension of payment of Employee's benefits because Employee refused to submit to the medical examination without reasonable cause or excuse. We will address each claim in the order presented above.

■ Employee first asserts that the WCAB erred as a matter of law in holding that he did not have an absolute right to his attorney's presence at the medical examination, or at least the history portion of the medical examination. We disagree.

In the recent case, *Maranc v. Workmen's Compensation Appeal Board (Bienenfeld)*, 156 Pa. Commonwealth Ct. 572, 628 A.2d 522 (1993), the claimant argued that he was entitled to his counsel's presence at a medical examination because all such examinations by an employer's physician were adversarial in nature. We disagreed and held that a claimant did not have an absolute right to have his lawyer present at a medical examination. We stated, "[t]he referee, not the doctor, is the fact-finder. The referee is not obliged to accept a doctor's testimony even if he is the only expert medical witness to testify and his testimony is uncontroverted." *Id.* at 575–76, 628 A.2d at 524–25 (citation omitted).

The physician's examination is a source of information regarding the employee's disability for the referee to consider when the referee makes findings of fact. It is when these

facts are presented, and in preparation for the presentation of these facts at deposition and during the hearing, that the adversarial procedure begins. If we were to push the adversarial procedure back to the doctor's office by involving attorneys for both parties in the medical examinations, we would have attorneys objecting and interrupting, and the equivalent of a hearing or deposition taking place during a physical examination. This is not the atmosphere in which a fair and reasonable medical examination can take place.

As we held in *Maranc,* Employee's counsel can adequately protect his client's interests by cross-examining Dr. Kunkel at a hearing or deposition. Employee is also entitled to produce his own physician to testify and rebut Employer's physician. *Id.* Moreover, if Employee's counsel is concerned about the accuracy of the history part of the examination, a written history can be provided to Employee for use during the examination.

Section 314 of the Act provides that an employee is entitled to have a physician or physicians of his own selection participate in any examination requested by the employer or ordered by the WCAB. In attempting, as we must, to ascertain the intention of the General Assembly in promulgating this section of the Act, we are guided by the principle of statutory construction and logical analysis expressed in the maxim, "expressio unius est exclusio alterius," which basically means that where some things are specifically designated in a statute, things omitted should be understood as excluded. 1 Pa.C.S. § 1921; *City Council Of the City of Hazelton v. City of Hazelton,* 134 Pa. Commonwealth Ct. 174, 578 A.2d 580 (1990), *aff'd by an equally divided court, Hazelton v. City Council of Hazelton,* 528 Pa. 604, 600 A.2d 191 (1991); *Samilo v. Commonwealth Insurance Department,* 98 Pa. Commonwealth Court 232, 510 A.2d 412 (1986). Thus, for example, in *Young v. Workmen's Compensation Appeal Board (St. Agnes Hospital and Pacific Employers Insurance Co.),* 39 Pa. Commonwealth Ct. 265, 395 A.2d 317 (1979), we interpreted the statutory language of Section 422 of the Act[2], which states

**2.** 77 P.S. § 835.

that a physician's certificate is admissible in workmen's compensation claims involving twenty-five (25) weeks or less of disability, to mean that the General Assembly intended to exclude the use of such certificates in claims involving *more* than twenty-five (25) weeks of disability.

Similarly, here, because Section 314 of the Act expressly designates the employee's physician or physicians as the individuals who may be present during the medical examination, and does not so designate lawyers, we must therefore conclude that the legislature intended to exclude all individuals except for an employee's physician from the medical examination. Therefore, the WCAB did not err in finding that an employee does not have a right to have his lawyer present during the medical examination.

▮▮▮ Employee next claims that the WCAB's conclusions and its own findings of fact are not supported by substantial evidence of record.[3] Employee argues that these findings contrast sharply with the factual findings made by the referee at the hearing, and resulted in opposing conclusions concerning the necessity of counsel at the medical examination. In particular, Employee takes issue with Findings of Fact Nos. 3 and 4 which state that Employee refused to attend the medical examination without specific clarification as to the right of his counsel to attend with him, and that *Employee presented no evidence* why the particular facts of this case would require the presence of counsel at a medical examination. (WCAB Opinion at 3.)

3. This Court's review of WCAB decisions in a workmen's compensation case is limited to determining whether an error of law was committed, whether any necessary findings of fact are not supported by substantial evidence, or whether constitutional rights have been violated. 2 Pa. C.S. § 704. Employee objects to the WCAB's findings, especially the WCAB's Findings of Fact Nos. 3 and 4, on the basis that they are not supported by substantial evidence in the record. This objection would be better understood as an objection to making any factual findings at all when no new testimony has been taken, and it is therefore an error of law. It is also true, however, that if the WCAB is not basing its factual findings on any facts of record then there will not be any substantial evidence supporting these findings.

Employee also takes issue with the WCAB's conclusion that Employee failed to demonstrate that there were compelling circumstances requiring the presence of counsel. Pursuant to Section 314 of the Act, the compensation authorities determine whether an employee has reasonable cause for refusing to submit to a medical examination. *Blair v. Workmen's Compensation Appeal Board (Fullington Bus Co.),* 80 Pa.Commonwealth Ct. 459, 471 A.2d 1289 (1984). Refusal to undergo such an examination because of the absence of an employee's counsel may be deemed reasonable under certain compelling circumstances; however, the WCAB ruled here, according to Finding No. 4, that Employee presented no evidence at all to support his claim that his counsel's presence was necessary, and, therefore, Employee had no reasonable cause for refusing to submit to a medical examination.

It is settled law that where the WCAB takes no additional evidence, the ultimate fact-finder is the referee whose findings of fact, if supported by substantial evidence, must be accepted. *Carrier Coal Enterprises v. Workmen's Compensation Appeal Board (Balla),* 118 Pa.Commonwealth Ct. 201, 544 A.2d 1111 (1988); *Yantos v. Workmen's Compensation Appeal Board (Vulcan Mold & Iron Co., Division of Vulcan, Inc.),* 128 Pa.Commonwealth Ct. 231, 563 A.2d 232 (1989). Consequently, here, the WCAB erred in making findings of fact without taking additional evidence. If it were true, as the WCAB opinion states,[4] that the referee failed to establish a factual record, the WCAB should have remanded the case to the referee for a hearing, or the WCAB itself should have taken additional testimony. Neither of these procedures was followed.

Moreover, despite the WCAB's statements, the referee did establish a factual record at the hearing. The record shows that the parties stipulated to the operative facts involved and

4. For reasons which are not clear, the WCAB notes in its opinion that the referee did not take testimony and therefore did not make a record for review by the WCAB. However, the record shows that the parties stipulated to the basic facts during the hearing, and therefore, a factual record was developed by the referee. (39a–46a.)

to the admission of exhibits documenting, among other matters, the previous medical examinations ordered by Employer and Dr. Kunkel's letter describing what occurred at his office. Despite the WCAB's assertions to the contrary, the referee's findings of fact were based on this factual record.

The WCAB's conclusion, that Employee presented no compelling evidence demonstrating the need for counsel's presence in this particular medical examination, was not based on the factual record developed by the referee, but instead on its own findings of fact which were created without taking any additional testimony. However, the referee, basing her decision on the facts developed at the hearing, came to a different conclusion. She concluded that because of the extensive prior litigation challenging the work-related causation of Employee's disability, the attorney's presence was needed for the history portion of the examination. Given these conflicting conclusions, the WCAB's error in creating its own findings of fact is clearly not harmless. We therefore remand this case to the WCAB for consideration of the referee's findings as developed at the hearing, in order to determine whether the facts of this particular case require the presence of Employee's counsel during the medical examination.[5]

■ On cross-appeal, Employer argues that Employee's benefits should be suspended because he unreasonably refused to submit to a WCAB ordered physical examination. Employer states that this refusal was based on Employee's counsel's insistence on being present at the medical examination, but because Employee had no right to have his counsel present, the refusal was unreasonable.

We have held that the referee, as the ultimate factfinder, has the discretion to determine the reasonableness of a claimant's non-compliance with an order to submit to a medical examination. *Maranc.* Nothing less than a manifest abuse of discretion by the compensation authorities will justify the interference of this Court in the exercise of their judgment.

5. The referee and/or the WCAB may, of course, impose whatever conditions or limitations they deem necessary to protect the integrity of the medical examination.

*Caggiano v. Workmen's Compensation Appeal Board (Kawecki Berylco Industries, Inc.)*, 42 Pa.Commonwealth Ct. 524, 400 A.2d 1382 (1979).

Here, the referee concluded, and the WCAB affirmed [6] that because the Employee's right to his attorney's presence at the medical examination was not clearly defined by the courts of this Commonwealth, Employee's insistence on the presence of legal counsel was not unreasonable. Therefore, the referee would not order the suspension of Employee's benefits. We hold that this conclusion, affirmed by the WCAB, does not constitute an abuse of discretion especially because the referee's decision and the WCAB's order were filed prior to our decision in *Maranc* in which this Court held that there is no absolute right to counsel during a medical examination.

Accordingly, we affirm the order of the WCAB regarding Employer's cross-appeal, and vacate the order of the WCAB regarding Employee's appeal. This case is remanded to the WCAB for consideration of the factual record and the factual findings developed by the Referee, in order to determine whether the circumstances of this particular case justify Employee's counsel's presence at the medical examination.

## *ORDER*

AND NOW, this 12th day of January, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed in part and vacated in part and the case is remanded in accordance with the foregoing opinion.

Jurisdiction relinquished.

**6.** The WCAB did not directly discuss the issue of whether Employee should suffer suspension of his benefits because of his refusal to undergo the medical examination without the presence of his counsel. In its order affirming in part and reversing in part, the WCAB reversed only as to the question of the presence of legal counsel at the examination, and, therefore, we must assume it affirmed the referee's decision that suspension of benefits was not warranted.

McGINELY, Judge, concurring.

I agree with the result reached by the majority. I believe, though, that an attorney may accompany a claimant to a medical examination. Once the physician objects to the attorney's presence, as the facts in this case suggest, there is no rule stating that the attorney has a right to stay. Further, as Judge Narick ably stated, the fear that an examining physician may misunderstand a claimant's oral recitation of his medical history can be easily cured through the provision of a written history.