**EDGEWATER STEEL COMPANY,**
**Petitioner,**

v.

**WORKMEN'S COMPENSATION**
**APPEAL BOARD (WOLFE),**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 13, 1995.
Decided May 15, 1995.

**58**

Dale A. Cable, for petitioner.

Richard G. Spagnolli, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Before this Court is Charles R. Wolfe's (Employee or Claimant) motion to quash Edgewater Steel Company's (Employer) petition for review of an order of the Workers' Compensation Appeal Board (WCAB) issued pursuant to a remand from Commonwealth Court.

A condensed version of the facts are as follows. Employee received benefits for a work-related injury. Employer later filed a petition with the WCAB, requesting that Employee be ordered to submit to a physical examination. Employee refused such examination unless his counsel was present at the medical examination.

After a hearing before a referee, the referee held that Employee's counsel had a right to be present during only the *history* portion of the examination, as did opposing counsel. The referee also concluded that since Employee's right to have counsel present during a physical examination had not been specifically addressed or defined by the courts, benefits would not be suspended. The WCAB affirmed in part and reversed in part, concluding that although a claimant does not

have a *right* to have counsel present at a physical examination, there might be circumstances of such compelling nature as to warrant the presence of counsel. In such a case, the WCAB stated that it would allow a claimant the opportunity to present facts demonstrating those circumstances. However, the WCAB ruled contrary to the referee that the Employee here had failed to show compelling reason to allow counsel to be present.

On appeal to this Court, *Wolfe v. Workmen's Compensation Appeal Board (Edgewater Steel Co.)*, 161 Pa.Commonwealth Ct. 361, 636 A.2d 1293 (1993) (*Wolfe I*), appeal denied, 537 Pa. 669, 644 A.2d 1205 (1994), we remanded to the WCAB for consideration of the factual record and findings developed by the referee, in order to determine whether the circumstances of the case justified Employee's counsel's presence at the medical examination.

Following remand, the WCAB issued the following order:

Based upon the remand by the Commonwealth Court, the [WCAB] hereby affirms the decision of the Referee with regard to the attendance of Claimant's counsel at the *history* portion of the independent medical examination. Claimant is directed to attend the examination scheduled by [Employer]. Claimant's counsel shall be entitled to be with Claimant while the examining physician obtains a *history* of the case.

(Emphasis added).

Employer now appeals to this Court, arguing that the WCAB erred as a matter of law because it failed to address the issue of whether Employer was entitled to a suspension of benefits because Employee refused to submit to an independent medical examination without reasonable cause as required under Section 314 of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 651. Employer also argues that the WCAB erred in failing to adhere to this Court's remand order.

▪ Employee filed a motion to quash Employer's appeal, arguing that the doctrines of res judicata and law of the case preclude such appeal as these issues have

been previously addressed by this Court in *Wolfe I*. Employee argues that a dismissal of Employer's appeal is required because Employer has already had appellate review of the issues identified in its petition, citing *In re Estate of Rochez*, 146 Pa.Commonwealth Ct. 414, 606 A.2d 563 (1992), which holds that where an appellate court has considered and decided questions on appeal, that court will not, in a later appeal of another phase of the same case, reverse its prior ruling.[1]

Employer's appeal presents two issues which Employee asserts have been previously decided; the first, is whether the WCAB erred when it failed to address the issue of whether Employer was entitled to suspension of benefits because Employee refused to submit to an independent medical examination without reasonable cause or excuse as required under the Act.

 In *Wolfe I*, this Court affirmed the decision of the referee and the WCAB with regard to this issue, stating:

> Here, the referee concluded, and the WCAB affirmed that because the Employee's right to his attorney's presence at the medical examination was not clearly defined by the courts of this Commonwealth, Employee's insistence on the presence of counsel was not unreasonable. Therefore, the referee would not order the suspension of Employee's benefits. We hold that this conclusion, affirmed by the WCAB, does not constitute an abuse of discretion especially because the referee's decision and the WCAB's order were filed prior to our decision in *Maranc [v. Workmen's Compensation Appeal Board (Bienenfeld)*, 156 Pa.Commonwealth Ct. 572, 628 A.2d 522 (1993),]* in which this Court held that there is no absolute right to counsel during a medical examination.

*Wolfe I*, 161 Pa.Commonwealth Ct. at 371, 636 A.2d at 1298. We hold that because we previously held Employee's refusal reasonable in *Wolfe I*, Employer cannot collaterally attack this issue of suspension of benefits, as it had been previously determined.

 The second issue in Employer's petition argues that the WCAB erred by failing to address the remand issue as we articulated, to-wit, whether the circumstances of this particular case justified Employee's counsel's presence at the medical examination based on the factual record and the findings developed before the referee.

Employee's motion to quash asserts that the WCAB did comply with this Court's direction. Employee contends that the WCAB complied sufficiently with our order which directed it to address whether the facts as found by the referee justified the presence of Employee's counsel at the medical examination. Employer counters, arguing that the WCAB failed to provide any reason why it now believed Employee's counsel should be present at the history portion of the medical examination.

We directed the WCAB to exercise its discretion to impose whatever conditions or limitations it deemed necessary to protect the integrity of the medical examination. The WCAB upon remand simply affirmed a portion of the referee's decision wherein the referee had made findings which would allow the presence of Employee's counsel at the *history* portion of the physical examination. Because the WCAB affirmed the referee, who is the ultimate fact-finder, we hold that the WCAB did abide by our order and thus, Employer's petition for review should be quashed as these issues have already been considered by this Court.

Accordingly, we quash Employer's appeal.

### ORDER

AND NOW, this 15th day of May, 1995, we quash the appeal of Edgewater Steel Company.

---

1. The decision of whether to grant a motion to quash an appeal is a question of law subject to our review. *Atlantic Richfield Co. v. Marshall Township Board of Supervisors*, 74 Pa.Commonwealth Ct. 100, 459 A.2d 860 (1983).